IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Roberto Rocha-Narez,<br><br>　　　Petitioner,<br>　v.<br><br>United States of America,<br><br>　　　Respondent.<br>_____ / | NO. CR 06-00750 JW<br>NO. CV 08-00329 JW<br><br>**ORDER DISMISSING PETITIONER'S MOTION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2255 WITH PREJUDICE** |

## **I. INTRODUCTION**

Presently before the Court is Petitioner's Motion to Vacate Sentence pursuant to 28 U.S.C. § 2255, which the Court construes as a Petition for Writ of Habeas Corpus. (hereafter, "Motion," Docket Item No. 15.)[1] Petitioner is acting in *pro se*. In response to the Court's Order to Show Cause,[2] Respondent has filed a timely Opposition.[3]

On November 30, 2006, pursuant to Rule 11(c)(1)(C) of Fed. R. Crim. P., Petitioner pleaded guilty to one count of Illegal Reentry Following Deportation under Title 8 U.S.C. § 1326. (See Plea Agreement at 1, Docket Item No. 11.) The Court accepted the Plea Agreement. (Id.) On January 29, 2007, Judgment was entered against Petitioner pursuant to the terms of the binding Plea

---

[1] All docket citations in this Order are to the criminal case, CR 06-00750.

[2] (Docket Item No. 22.)

[3] (United States' Opposition to Petitioner's Motion to Vacate, Set Aside, or Correct the Sentence Pursuant to 28 U.S.C. § 2255, hereafter, "Response," Docket Item No. 26.) Respondent has also filed a Motion for Order Finding of Waiver of Privilege. (Docket Item No. 24.) In light of the disposition in this Order, the Court DENIES Respondent's Motion as moot.

Agreement. (See Docket Item No. 14.) Petitioner was committed to the custody of the United States Bureau of Prisons for a total term of 37 months. (Id.) Petitioner filed this Motion on January 14, 2008.

On July 28, 2009, Petitioner was released from BOP/FCI Sheridan, Oregon to I.C.E. in Portland, Oregon. (Response at 2.) On July 29, 2009, Petitioner was deported to Mexico. (Id.)

## II. DISCUSSION

**A.     Standard of Review**

A motion to vacate, set aside, or correct a sentence of a person in federal custody pursuant to 28 U.S.C. § 2255 entitles a prisoner to relief "[i]f the court finds that . . . there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack."

The standard of review of § 2255 petitions is "stringent" and the court "presumes earlier proceedings were correct." United States v. Nelson, 177 F. Supp. 2d 1181, 1187 (D. Kan. 2001). In a successful § 2255 motion, the "[petitioner] must show a defect in the proceedings which resulted in a 'complete miscarriage of justice.'" Id. (quoting Davis v. United States, 417 U.S. 333, 346 (1974)). "[R]elief is not available merely because of error that may have justified reversal on direct appeal." United States v. Frady, 456 U.S. 152, 165 (1982); United States v. Addonizio, 442 U.S. 178, 184 (1979).

The district court shall hold an evidentiary hearing on a prisoner's § 2255 petition, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. A court need not hold an evidentiary hearing where the prisoner's allegations, when viewed against the records, either do not state a claim for relief or are so palpably incredible as to warrant summary dismissal. Shah v. United States, 878 F.2d 1156, 1158 (9th Cir.), cert. denied, 493 U.S. 869 (1989); United States v. Schaflander, 743 F.2d 714, 717 (9th Cir. 1984), cert. denied, 470 U.S. 1058 (1985). "Merely conclusory statements in a § 2255 motion are not enough to require a hearing." United States v. Johnson, 988 F.2d 941, 945 (9th Cir. 1993).

**B.     Petitioner's Claims**

Petitioner asserts a variety of grounds for relief under § 2255. Since some grounds may be barred by the Plea Agreement, the Court first examines the language of the Agreement.

The right to bring a collateral attack under § 2255 is statutory, and a "knowing and voluntary waiver of a statutory right is enforceable." United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir. 1993), cert. denied, 508 U.S. 979 (1993). However, a plea agreement does not waive the right to bring a § 2255 petition unless it does so expressly. United States v. Pruitt, 32 F.3d 431, 433 (9th Cir. 1994).

Here, in the binding Plea Agreement, Petitioner stated as follows:

> I agree to give up my right to appeal my conviction, the judgment, and orders of the Court. I also agree to waive any right I may have to appeal any aspect of my sentence, including any order relating to forfeiture and/or restitution.
> I agree not to file any collateral attack on my conviction or sentence, including a petition under 28 U.S.C. § 2255 or 28 U.S.C. § 2241, or motion under 18 U.S.C. § 3582, at any time in the future after I am sentenced, except for a claim that my constitutional right to the effective assistance of counsel was violated.
> I confirm that I have had adequate time to discuss this case, the evidence, and this Agreement with my attorney, and that [she] has provided me with all the legal advice that I requested.
> I confirm that my decision to enter a guilty plea is made knowing the charges that have been brought against me, any possible defenses, and the benefits and possible detriments of proceeding to trial. I also confirm that my decision to plead guilty is made voluntarily, and no one coerced or threatened me to enter into this Agreement.

(Plea Agreement ¶¶ 4-5, 15, 17.) Based on the language of the Plea Agreement, Petitioner has waived his right to petition under § 2255 on any basis other than ineffective assistance of counsel. Accordingly, the Court will consider only Petitioner's claim for ineffective assistance of counsel.

Petitioner contends that he was denied his right to effective assistance of counsel under the Sixth Amendment because his counsel was inexperienced, advised Petitioner to plead guilty without informing him of "material facts," failed to advise him of "Blakely and Booker and Fanfan" with regard to a sentencing enhancement, was unprepared to present Petitioner's case at trial, failed to raise Petitioner's claim of a violation of his rights under the Vienna Convention article 36, "utilized threats and extortion to coerce [Petitioner] to enter into [the Plea Agreement]," and failed to explain

3

to Petitioner that his Plea Agreement would waive his right to appeal his conviction or sentence. (Motion at 2-5.)

A convicted petitioner's claim that counsel's assistance was so defective as to require reversal of a conviction has two components. Strickland v. Washington, 466 U.S. 668, 687 (1984). First, the petitioner must show "that counsel's performance was deficient." Id. Second, the petitioner must show "that the deficient performance prejudiced the defense." Id. Unless a petitioner makes both showings, it cannot be said that the conviction resulted from "a breakdown in the adversary process that renders the result unreliable." Id.

Here, several of Petitioner's grounds for claiming ineffective assistance are directly contradicted by his sworn statements in the Plea Agreement. For example, Petitioner's Plea states that he made the Plea voluntarily and without coercion, and that he acknowledges that he waived his right to appeal. At both the change of plea hearing and the sentencing, the Court thoroughly *voir dire* Petitioner to ensure that he understood the terms of his binding Plea Agreement. (See Docket Item Nos. 12, 13.) On Petitioner's representations, the Court accepted Petitioner's Plea and sentenced him pursuant to the Plea. Furthermore, Petitioner has not presented any credible evidence that his counsel was inexperienced, much less to the point of being deficient. As to the Vienna Convention, Petitioner's claim fails because neither the Ninth Circuit nor the U.S. Supreme Court have recognized Vienna Convention article 36 as creating judicially enforceable rights for criminal petitioners. See Gonzales v. Harrington, No. ED CV 08-0931 GHK (FMO), 2009 WL 1658123, at *14 (C.D. Cal. June 11, 2009).

With respect to Petitioner's claim that his counsel's performance was deficient because she failed to inform him of the impact of "Blakely and Booker and Fanfan," the Court finds that this claim is without merit.[4] Petitioner's claim is essentially that his counsel failed to advise him of an unlawful enhancement to his sentence based on a prior conviction. (See Motion at 4-7.) However, contrary to Petitioner's claim, by the time of Petitioner's guilty plea in 2006, the United States

---

[4] See United States v. Booker, 543 U.S. 220 (2004); United States v. Fanfan, 542 U.S. 956 (2004); Blakely v. Washington, 542 U.S. 296 (2004).

4

Supreme Court had decided that a defendant's sentence could be increased based upon the fact of a prior conviction not admitted or proved to a jury. See Almendarez-Torres v. United States, 523 U.S. 224 (1998). Thus, the Court finds that Petitioner has failed to show that his counsel's performance was deficient.

In sum, none of Petitioner's grounds for habeas relief have merit. Accordingly, the Court DISMISSES Petitioner's Motion with prejudice.

## C. Certificate of Appealability

At issue is whether the Court should issue a certificate of appealability.

In a § 2255 proceeding, "an applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R. App. P. 22(b). Such certification may issue "only if [petitioner] has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The court must either issue a certificate of appealability indicating which issues satisfy the required showing or must state the reasons why such a certificate should not issue. Fed. R. App. P. 22(b)(1).

To satisfy the § 2253(c)(2) standard, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000); Hiivala v. Wood, 195 F.3d 1098, 1104 (9th Cir. 1999). When a petition is denied based on procedural grounds without reaching the merits of the claim, a certificate of appealability shall be issued if the petitioner makes two showings. See Slack, 529 U.S. at 484-85. First, a petitioner must show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right." Id. at 484. Second, a petitioner must show that reasonable jurists would find "it debatable whether the district court was correct in its procedural ruling." Id. Both showings are required before a certificate of appealability will be issued. See Lambright v. Steward, 220 F.2d 1022, 1026-27 (9th Cir. 2000).

Here, Petitioner does not satisfy the standard for a certificate of appealability for a denial on the merits or on procedural grounds. Petitioner has not made any showing of a denial of a constitutional right. Rather, Petitioner brings unsupported claims of ineffective assistance of

5

counsel and attempts to challenge his sentence without any articulated reason supported in the record. Reasonable jurists could not debate the Court's conclusion.

Accordingly, the Court finds that Petitioner has not made the required showing for a certificate of appealability.

### III. CONCLUSION

The Court DISMISSES Petitioner's Motion for Writ of Habeas Corpus Pursuant to § 2255 with prejudice. No certificate of appealability shall be issued for this appeal.

Dated: January 29, 2010

JAMES WARE
United States District Judge

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Jeffrey Benjamin Schenk   jeffrey.b.schenk@usdoj.gov

Roberto Rocha-Narez
10582-111
Federal Correctional Institution
PO Box 5000
Sheridan, OR 97378-5000

**Dated: January 29, 2010**                    **Richard W. Wieking, Clerk**

                                                      **By:   /s/ JW Chambers**
                                                           **Elizabeth Garcia**
                                                           **Courtroom Deputy**